Accordingly, judgment affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

---

**Vera D. TAFF, Plaintiff-Appellant,**

**v.**

**Donald E. HARDWICK, Defendant,**

**and**

**Empire Fire and Marine Insurance Company of Omaha, Respondent-Garnishee.**

**No. 24449.**

Kansas City Court of Appeals.

Missouri.

June 5, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 1967.

Application to Transfer Denied Nov. 13, 1967.

Ryan, Maitland & Ryan, by John P. Ryan, Kansas City, for appellant.

Gordon, Adams, Niewald & Risjord, by John C. Risjord, Kansas City, for respondent.

MAUGHMER, Commissioner.

The writer has received this case by reassignment. It is a garnishment proceeding wherein plaintiff sought to recover $5,000 from garnishee, the amount of the judgment theretofore rendered in favor of plaintiff and against defendant in an automobile damage suit. The court sustained garnishee's motion and entered summary judgment for the garnishee and plaintiff has appealed.

The automobile collision, which was the basis of the judgment, occurred in Kansas City, Missouri on November 20, 1959, near the intersection of Elmwood Avenue and Truman Road. The insured was operating a dump truck, was employed by Swenson Construction Company, and had a liability policy with Empire Fire and Marine Insurance Company of Omaha, the garnishee. Empire, by and through its attorneys, filed answer and defended the suit for damages.

Simply stated, garnishee contends it is not liable because the insured failed to cooperate with it in the defense and in preparation for defense of the damage suit. It is plaintiff's position (1) that defendant did extend proper cooperation and (2) garnishee waived any such defense and is estopped at this date to effectively assert it.

The parties in the instant suit entered into a lengthy and detailed Stipulation of Facts which included, among others, the following occurrences:

1. On December 9, 1959, defendant Hardwick was contacted by garnishee's adjuster and signed a statement reciting that plaintiff had "suddenly swerved into the path of his truck".

2. Suit was filed on December 31, 1959. Shortly thereafter defendant was served personally and delivered the suit papers to Empire, which company filed answer.

3. On January 21, 1960, attorneys for Empire sent a registered letter to Hardwick at the address which he had given in his application for the policy, reciting their inabil-

ity to reach him by telephone and requested that he contact them; on February 10, 1960, they learned that defendant no longer was employed by Swenson Construction Company (his employer at the time of the accident), had moved from the address given in the policy and left no forwarding address with Swenson; that on April 15, 1960 Empire's agent received a letter of inquiry signed by "Margaret and Donald Hardwick" and giving their address as 5023 Clinton Street, West Seneca, Buffalo, New York. On April 22, 1960, Empire's attorneys replied by letter to this New York address. There was no response but the letter was not returned. On August 8, 1960, a registered letter to the New York address was returned unclaimed. On September 12, 1960, a registered letter to the defendant at Route 3, Altamont, Missouri, brought no reply. Empire's investigation elicited a rumor that defendant was in California. A letter to him at 839 North Van Ness, Santa Ana, California, was returned unclaimed.

4. On July 12, 1961, Empire wrote to a relative of defendant at Altamont, Missouri, inquiring as to his whereabouts. The reply disclaimed any knowledge as to defendant's address.

5. In February, 1962, Empire mailed letters to the Motor Vehicle Departments of all fifty states and the District of Columbia, seeking information which might aid in its efforts to locate the defendant Donald E. Hardwick. Missouri replied that his chauffeur's license had expired. California said he had left that state and the department had no forwarding address. Oregon stated that a driver's license issued to the named person had expired.

6. On February 12, 1962, Empire successfully sought a reassignment of the damage suit so that it might have additional time in which to make further efforts to locate defendant. On March 7, 1962, a continuance was granted for the same reason and purpose.

7. On March 26, 1962, Empire again asked for a continuance, which was refused. Before the trial commenced, Empire's counsel stated in open court that they had unsuccessfully tried to locate defendant and secure his cooperation and assistance at the trial and in preparation for trial; that Empire specifically reserved its rights because of defendant's failure to cooperate, and specifically declared that counsel's appearance and participation in the trial was not to be construed as a waiver of Empire's rights to deny coverage.

8. The liability policy provided: "Insured shall cooperate with the company, and upon the company's request shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses, and in the conduct of suits", otherwise no coverage.

9. Empire's attorneys participated in the trial, cross-examined witnesses and called only one witness—a doctor—who testified. Empire's representatives had discussed settlement with plaintiff's attorney.

■ The proviso in the policy relied upon by Empire is valid and enforceable. In Quisenberry v. Kartsonis et al., Mo.Sup., 297 S.W.2d 450, 453, 454, the Supreme Court said:

"The condition in a policy of liability insurance requiring insured to cooperate is valid and enforceable. The insured must perform the conditions of the contract upon which insurer's liability depends and, absent fraud, bad faith, or collusion by insurer, the insured's unexcused failure to cooperate in a substantially material respect releases insurer from liability under the policy as to the particular casualty in question".

In Quisenberry the court indicated but did not squarely decide that it was unnecessary to show that actual prejudice resulted from

the failure to cooperate and made the following statement:

"We observe that, in our view, a showing of prejudice, if that be necessary, cannot mean that insurer must show that it sustained a pecuniary loss or that the jury's verdict would have been different if the true facts had been disclosed".

31 C.J.S. Estoppel page 378 defines "What Constitutes Waiver" this way:

"Waiver is a doctrine resting on an equitable principle, and the term is comprehensively defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed".

Fischer v. Western & Southern Indemnity Co., Mo.App., 106 S.W.2d 490, 491, like the instant case, was a garnishment proceedings to collect a judgment from the liability insurer. The carrier's representative wrote letters and telephoned the insured, asking him to cooperate in the trial preparation and also to attend the trial itself, all to no avail. The judgment below was for garnisher, but was reversed outright on appeal. The opinion declares the applicable rule and we quote it:

"It is of course the law that absent fraud or bad faith on the part of the insurance company, or collusion between it and the assured, the latter's unexcused failure to co-operate with the company in a material respect in accordance with the conditions of the policy so requiring will serve to release the company from liability under the policy. Finkle v. Western Automobile Insurance Co., 224 Mo.App. 285, 26 S.W.(2d) 843; Bauman v. Western & Southern Indemnity Co. (Mo.App.) 77 S.W.(2d) 496, 502. And not only must the assured co-operate, where the policy so requires, in the preparation of the defense to the end that the case may be made ready for trial, but it is held that his failure, without just cause or excuse, to

appear in court at the time of the trial materially prejudices the insurance company in its efforts to defend the action brought against him, and constitutes a clear breach of the co-operation clause of the policy so as to warrant the company in disclaiming liability thereunder and in withdrawing from the defense of the case".

To the same effect are the opinions of this court in Hankins v. State Farm Mutual Automobile Ins. Co., Mo.App., 379 S.W.2d 829 and Lenhart v. Rich et al., Mo.App., 384 S.W.2d 812. See also Beam v. State Farm Mutual Automobile Insurance Co. (C.A.6) 269 F.2d 151 and Great American Insurance Company of New York v. Dennis (U.S.District Court, W.D.Kentucky) 203 F.Supp. 482 and citations incorporated in that opinion.

Garnisher-appellant relies upon the case of Royle Mining Co. v. Fidelity & Casualty Co. of New York, 161 Mo.App. 185, 142 S.W. 438. In Royle plaintiff alleged that because defendant had unsuccessfully defended the action for injuries it was estopped to deny that the accident was within the policy. However, the insurer had notified plaintiff it was defending only on reservation of its right to claim exemption. On appeal the court said:

"If the plaintiff understood that the defendant reserved its rights under its indemnity policy at the time it assumed charge of the defense of the McDaniels action, then there never existed any estoppel against the defendant; but, on the contrary, if it took charge of the defense without giving plaintiff any explanation of its act, then its silence was an estoppel".

We are unable to understand that the Royle case helps appellant.

In the instant case the material facts are established and admitted. On the vital issue —did garnishee waive its right under the noncooperation clause or is it estopped be-

cause it defended the suit—the salient facts seem to be abundantly clear. We enumerate some of them:

1. Garnishee, by numerous letters to defendant, telephone calls and activities by investigators, sought to locate defendant. It wrote to every domestic motor vehicle department for the same purpose. It sought his address from relatives. All of these efforts were fruitless.

2. In open court it successfully sought a reassignment of the case and then a continuance to secure further time to pursue this search. Plaintiff was present on each of these occasions, knew the purpose and understood garnishee's claimed right was based upon defendant's failure to cooperate.

3. Just before the trial started, garnishee's counsel in open court recited these facts, proved its fruitless search efforts by the Stipulation of Facts and otherwise, and advised the trial judge and the garnisher in open court of its reliance upon the noncooperation clause as a defense and specifically declared it was not waiving that defense by defending the suit or by any other action it had taken. Plaintiff was not and could not have been misled. Plaintiff's suggestion that there was no positive proof that defendant Hardwick was actually notified of garnishee's position is without merit. If defendant could not be located to collaborate in the defense, it is quite apparent he could not be located for the purpose of serving any such notice on him.

The fundamental, basic, equitable issue is whether or not plaintiff was misled or lulled into a justified belief that the insurer was not interposing or relying upon this particular defense. It seems to us abundantly clear that defendant clearly violated the cooperation provision, plaintiff knew about it during the investigation, before the trial, during the trial and after the trial. There is no suggestion of any excuse, proper or improper, for defendant's failure to cooperate. There is no contention of any fraud or bad faith on the part of the insurance company, or of any collusion between it and the assured. The facts were stipulated and so required no jury determination. Under these facts reasonable men could reach only one conclusion—that is—that defendant had, without good excuse, failed to cooperate, and garnishee had not waived the defense. This being so, in our opinion, only a question of law was presented, which the court might and should dispose of by summary judgment. The court did so and in so doing did not err.

The summary judgment for garnishee is affirmed.

SPERRY, C., concurs.

PER CURIAM:

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.