215 F.Supp.2d 1029 (2001)
George WILES, d/b/a Arcadia Valley Office Supply, Plaintiff(s),
v.
CAPITOL INDEMNITY CORPORATION, Defendant(s).
No. 4:99CV1280 JCH.
United States District Court, E.D. Missouri, Eastern Division.
January 11, 2001.
Arthur G. Muegler, Jr., St. Louis, MO, Blair K. Drazic, Creve Coeur, MO, for George Wiles.
Robert W. Cockerham, David W. Cooper, Brown and James, P.C., St. Louis, MO, for Capitol Indem. Corp.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court on Defendant's Motion for Summary Judgment, filed October 13, 2000. The matter is fully briefed and ready for decision.

*1030 BACKGROUND

At all times relevant herein, Plaintiff George Wiles was doing business as Arcadia Valley Office Supply, at 327 North Main Street, Ironton, Missouri. (Defendant's Motion for Summary Judgment ("Defendant's Motion"), ¶ 2). Defendant issued a Property and Liability Insurance Policy, Policy Number CP00114661 ("Policy") to Plaintiff, with a policy period of December 15, 1998 to December 15, 1999.[1] (Id., ¶ 6; Defendant's Exh. C)
On or about February 15, 1999, a fire occurred at Plaintiff's business.[2] (Defendant's Motion, ¶ 7). Plaintiff subsequently made a claim for insurance proceeds, and on March 1, 1999, Defendant acknowledged the claim and fully reserved all rights and defenses under the Policy and the laws of the State of Missouri. (Id., ¶ 12, citing Defendant's Exh. F).
On or about April 27, 1999, Plaintiff submitted a sworn statement in proof of loss to Defendant, claiming that the actual cash value of loss was $648,000.00, the Policy limits. (Defendant's Motion, ¶ 17, citing Defendant's Exh. H). On May 20, 1999, Defendant sent correspondence to Plaintiff scheduling an examination under oath for June 4, 1999. (Defendant's Motion, ¶ 30, citing Defendant's Exh. N). The May 20, 1999, correspondence further requested the production of certain documents and records in support of Plaintiff's claim for damages. (Id., ¶ 31). Plaintiff did not appear and testify at the examination under oath on June 4, 1999, nor did he produce the requested documents and records. (Id., ¶ 32, citing Defendant's Exh. B, PP. 126-27). Plaintiff disregarded a similar request for an examination under oath scheduled for June 25, 1999. (Id., ¶¶ 33-35, citing Defendant's Exh. O; Defendant's Exh. B, PP. 127-29).
Plaintiff filed the instant suit on or about July 2, 1999, before Defendant rendered a decision on Plaintiff's insurance claim. (Doc. No. 1, Exh. 1; Defendant's Motion, ¶ 53).[3] In his Petition, Plaintiff raises the following claims for relief: (1) Count I: Intentional Tort  Civil Conspiracy; (2) Count II: Intentional Tort  Fraud; (3) Count III: Breach of Contract; (4) Count IV: Statutory Tort  Vexatious Refusal to Pay; and (5) Count V: Petition for Declaratory Judgment. (Doc. No. 1, Exh. 1). On November 9, 1999, Defendant filed its Counterclaim for Declaratory Judgment. (Doc. No. 22, PP. 6-11). As stated above, Defendant then filed its Motion for Summary Judgment on both Plaintiff's claims and its Counterclaim on October 13, 2000.

SUMMARY JUDGMENT STANDARD
The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 *1031 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323, 106 S.Ct. 2548. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. 2505. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256, 106 S.Ct. 2505.
In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. 2505. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. 2505.

DISCUSSION
The insurance policy at issue contains the following provision regarding the duties of the insured in the event of loss:

3. Duties in the Event of Loss or Damage.
a. You must see that the following are done in the event of loss or damage to covered property:
. . . . .
(8) Cooperate with us in the investigation or settlement of the claim.
b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.[4]
"Cooperation clauses such as the one in question are valid and enforceable in Missouri." Riffe v. Peeler, 684 S.W.2d 539, 542 (Mo.App.1984) (citations omitted). "After a material breach [of the cooperation clause] has been proved, unless the insurer has waived its right to assert the defense of material breach or is estopped from asserting it, the insurer may deny liability coverage to the insured under the terms of the policy." Hendrix v. Jones, 580 S.W.2d 740, 742 (Mo. banc 1979). "An insurer must prove (1) the existence of substantial prejudice and (2) the exercise of reasonable diligence to secure the insured's cooperation before it can deny coverage because of breach of a cooperation clause." Hayes v. United Fire & Casualty Co., 3 S.W.2d 853, 857 (Mo.App.1999) (citing Riffe, 684 S.W.2d at 542).
In the instant case, the Court finds that Defendant insurer has demonstrated a material breach of the cooperation clause with respect to Plaintiff's obligation to submit to an examination under oath. As noted above, Defendant exercised reasonable diligence in attempting to secure *1032 Plaintiff's cooperation, by requesting the examination under oath on two separate occasions prior to Plaintiff's filing suit. (Defendant's Motion, ¶¶ 130-35, citing Defendant's Exh. B, PP. 126-29; Defendant's Exh. N; Defendant's Exh. O). Plaintiff failed to comply with the requests, however, instead submitting to a deposition only on April 6, 2000, in conjunction with the instant suit.[5]
The Court further holds that Defendant has demonstrated the requisite prejudice as a matter of law. Cooperation clauses are designed to "`enable the [insurance] company to possess itself of all knowledge, and all information as to other sources of knowledge, in regard to facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims.'" Wood v. Allstate Ins. Co., 21 F.3d 741, 745 (7th Cir.1994) (quoting Claflin v. Commonwealth Ins. Co. of Boston, Mass., 110 U.S. 81, 94-95, 3 S.Ct. 507, 514-15, 28 L.Ed. 76 (1884)). By commencing this action on the Policy without submitting to an examination under oath, Plaintiff denied Defendant the opportunity both to complete its investigation and to issue a ruling on his claim.[6] Such a denial was clearly prejudicial, and so the Court will grant Defendant's Motion for Summary Judgment, and dismiss Plaintiff's claims without prejudice.[7]See Riffe v. Peeler, 684 S.W.2d 539 (Mo.App.1984); Rodgers v. Missouri Ins. Guaranty Ass'n, 841 F.2d 858 (8th Cir.1988); Wood v. Allstate Ins. Co., 21 F.3d 741 (7th Cir.1994); Rosenthal v. Prudential Property & Casualty Co., 928 F.2d 493 (2d Cir.1991).[8]

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 0, filed October 13, 2000) is GRANTED in part and DENIED in part.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's claims (Doc. No. 0, filed October 13, 2000) is GRANTED, and Plaintiff's claims are DISMISSED without prejudice.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to its Counterclaim for Declaratory Judgment on the issues of reimbursement, *1033 attorneys' fees and costs (Doc. No. 0, filed October 13, 2000) is DENIED.
NOTES
[1] Prior to his application with Defendant, Plaintiff had not retained insurance protecting his property, although he had conducted business in Ironton for several years. (Defendant's Memorandum of Law in Support of its Motion for Summary Judgment ("Defendant's Memo in Support"), P. 1, citing Defendant's Exh. B, P. 17).
[2] Defendant asserts that the fire loss at issue was determined to have been the result of an intentional act of arson. (Defendant's Counterclaim for Declaratory Judgment, ¶ 6).
[3] Plaintiff originally filed his suit in the Circuit Court of the City of St. Louis, Missouri. (Doc. No. 1, Exh. 1). Defendant removed the case to this Court on August 11, 1999, and Plaintiff's Motion for Remand was denied on October 21, 1999. (Doc. Nos.1, 20).
[4] In his Petition, Plaintiff requests a declaratory judgment that Defendant waived its right to require an examination under oath. (Petition, P. 15). Plaintiff provides no support for this request, however, and the Court's review of the record refutes any suggestion of waiver.
[5] Plaintiff acknowledged during his deposition that prior to that proceeding, he had never before submitted to an examination under oath. (Defendant's Exh. B, PP. 110, 126-27).
[6] Plaintiff's premature filing further violated another Policy provision, as follows:

F. LEGAL ACTION AGAINST US
No one may bring a legal action against us under this Coverage Part unless:
1. There has been full compliance with all of the terms of this Coverage part ...
[7] The Court recognizes that in Farm Bureau Town and Country Ins. Co. of Missouri v. Crain, 731 S.W.2d 866 (Mo.App.1987), the Missouri Court of Appeals held that the issue of whether an insured had an excuse for his refusal to answer questions under oath was properly left to the jury. Id. at 871. The Court finds Crain distinguishable, however, as in that case the insured submitted to the examination, refusing to answer only a few questions concerning his financial affairs. Id. The Crain court recognized that, as in the present, "[i]f an insured willfully and without excuse refuses discovery, an insurer may refuse to go forward with an adjustment and claim immunity from suit ..." Id. (quoting Merchants Ins. Co. v. Lilgeomont, 84 F.2d 685, 688 (5th Cir.1936)).
[8] With this ruling, the Court implicitly grants portions of Defendant's Counterclaim for Declaratory Judgment. Defendant's evidence of fraud is insufficient at this time, however, and so its request for summary judgment on the issues of reimbursement, attorneys' fees and costs will be denied. Those portions of Defendant's Counterclaim therefore remain on this Court's February 5, 2001, trial docket.