261 F.Supp.2d 1150 (2003)
UNION INSURANCE COMPANY OF PROVIDENCE, Plaintiff,
v.
Lisa N. WILLIAMS, Defendant.
No. 4:01-CV-935 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
April 29, 2003.
Robert W. Cockerham, David W. Cooper, Brown and James, P.C., St. Louis, MO, for Plaintiff.
James M. Hoffmann, Stokely Group, Dorian B. Amon, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on plaintiffs motion for summary judgment. Defendant *1151 opposes the motion and the issues are fully briefed.
In this action, plaintiff Union Insurance Company of Providence (Union Insurance) seeks a declaration that it is not liable under a policy of homeowners insurance issued to defendant Lisa Williams. As further relief, Union Insurance seeks reimbursement for amounts advanced to Williams under the policy. In a counterclaim, Williams asserts claims of vexatious refusal to pay, breach of contract, and breach of the duty of good faith.

I. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir.1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., All U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, All U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

II. Background

Union Insurance issued a policy of homeowners insurance to Williams that was effective from January 15, 1999 to January 15, 2000. The policy contained provisions insuring against certain risks that might occur at Williams's residence located in St. Louis County, Missouri, including the risk of loss by accidental fire. On January 14, 2000, a fire destroyed a portion of Williams's home. Union Insurance's investigation revealed that the fire was "of incendiary origin."
Among other terms, the policy contained the following language:
SECTION I CONDITIONS
* * * * *
2. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:
* * * * *
(2) Provide us with records and documents we request an permit us to make copies; and
(3) Submit to examination under oath, while not in the presence of any other "insured," and sign the same.
One week after the fire, Williams gave a recorded interview to a person she describes in her affidavit as "an agent, employee or assign" of Union Insurance. *1152 The transcript of the recorded interview reveals that Williams answered `Yes" to the question whether all of her answers were "true and correct to the best of [her] knowledge." Williams then hired a claims adjuster to whom she provided all records and documents. A claim was filed with Union Insurance on her behalf.
In a letter dated March 22, 2000, Union Insurance asked Williams to submit on April 7, 2000, to an examination under oath in accordance with the above-quoted policy provision. Union Insurance also asked Williams to provide documents, including federal income tax returns, bank statements, and pleadings in any prior lawsuits in which Williams was a party. At Williams's request, the examination under oath was postponed until April 20, 2000, so that she could retain counsel. However, the attorney Williams retained cancelled the examination and thereafter failed to comply with Union Insurance's repeated requests to reschedule it. Instead, Williams's attorney asserted that the recorded statement that Williams gave on January 21, 2000 constituted an examination under oath and that Williams had no obligation to provide additional information.
On June 1, 2001, Union Insurance sent a letter to Williams informing her that her claim was denied. In the letter, Union Insurance wrote that it was unable to conduct a complete investigation of Williams's claim due to her refusal to submit to an examination under oath and to produce documents as requested.
Prior to denying the claim, Union Insurance had made seven requests for Williams to participate in an examination under oath. In her deposition, Williams admitted that she never participated in the examination under oath and that she never produced any documents directly to Union Insurance or its attorneys. However, in her affidavit she explains that she was advised by her attorney not to attend the examination under oath and that the documents Union Insurance requested had been turned over to her adjuster.

III. Discussion

Union Insurance asserts that it is entitled to summary judgment because Williams violated the policy's requirement that she participate in an examination under oath and provide requested documents. "Cooperation clauses" such as the one at issue in this case are valid and enforceable under Missouri law. Wiles v. Capitol Indemnity Corp., 215 F.Supp.2d 1029, 1031 (E.D.Mo.2001) (quoting Riffe v. Peeler, 684 S.W.2d 539, 542 (Mo.Ct.App. 1984)). Once the insurer proves the material breach of a cooperation clause, the insurer may deny liability coverage under the policy. Id. The insurer must prove (1) the existence of substantial prejudice and (2) the exercise of reasonable diligence to secure the insured's cooperation. Id.
As the correspondence in the record establishes, Union Insurance made repeated attempts to secure Williams's cooperation. Williams does not dispute this fact, but contends that she was unaware of the requests because they were sent to her attorney. The evidence proves, however, that Williams was aware of the insurance company's request for an examination under oath. Two letters requesting the examination were sent directly to Williams, and it was at her request that the examination was postponed twice. While subsequent correspondence was sent to Williams's attorney, he acted as her agent in the matter and she is bound by his actions. The Court finds that Union Insurance exercised reasonable diligence in its efforts to secure Williams's cooperation.
Union Insurance has not presented evidence that it suffered prejudice as a result of Williams's failure to submit to the requested *1153 examination, but instead relies on another case decided in this district, Wiles v. Capitol Indemnity Corp., 215 F.Supp.2d 1029, 1032 (E.D.Mo.2001), to support its claim of prejudice. In Wiles, the court held that prejudice was established as a matter of law where the insured failed to submit to examination before filing suit. Id. (emphasis added). Williams argues that because Wiles was an action brought by the insured, it is distinguishable from the instant action in which the insurer is the plaintiff. The Court finds that distinction immaterial to the central question of whether Union Insurance has the right to deny coverage based upon Williams's noncompliance with the cooperation clause. See Farm Bureau Town and Country Ins. Co. of Missouri v. Crain, 731 S.W.2d 866, 871 (Mo.Ct.App.1987) ("If an insured willfully and without excuse refuses discovery, an insurer may refuse to go forward with an adjustment and claim immunity from suit") (citation omitted). Based upon the reasoning in Wiles, the Court concludes that Union Insurance has suffered prejudice as a matter of law.
Williams argues that the policy language requiring her cooperation is ambiguous because it was reasonable for her to assume that her tape-recorded statement constituted an examination under oath. This argument ignores the fact that the policy required her to submit to such examination "[a]s often as ... reasonably require[d]." Williams also argues she satisfied that examination requirement by appearing for deposition in the foreclosure action. That deposition occurred more than two years after the loss and nearly a year after Union Insurance denied the claim. Thus, its relevance to this action is tenuous, at best.
In summary, Union Insurance has established that Williams violated the cooperation clauses of the policy by failing to submit to an examination under oath and by failing to produce the requested documents.[1] As a result, Union Insurance is entitled to a declaration that it is not liable to defendant Lisa Williams for any claims arising from the June 14, 2000 fire at her residence. Union Insurance has not submitted any evidence that it made payments under the policy to Williams or others on her behalf. Consequently, it is not entitled to summary judgment on its claim for reimbursement.
Accordingly,
IT IS HEREBY ORDERED that the motion of plaintiff Union Insurance Company of Providence for summary judgment [# 26] is granted.
IT IS FURTHER ORDERED that the defendant's counterclaims are dismissed.
A separate judgment in accordance with this memorandum and order is entered this same date.

JUDGMENT
In accordance with the Memorandum and Order entered this same date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment is entered in favor of plaintiff Union Insurance Company of Providence and against defendant Lisa N. Williams. The defendant shall bear the costs.
NOTES
[1] Union Insurance also argues that Williams breached the policy by filing counterclaims, but it does not dispute that the counterclaims are compulsory under Fed.R.Civ.P. 13(a). Because the Court has determined that Williams breached the cooperation clauses of the insurance policy, it is unnecessary to determine whether filing a compulsory counterclaim constitutes a further breach of the policy.