# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1109

_____

Concord Baptist Church of Jefferson City, Inc.

*Plaintiff - Appellant*

v.

Church Mutual Insurance Company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 12, 2023
Filed: July 13, 2023

_____

Before LOKEN, SHEPHERD, and KELLY, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In March 2020, Concord Baptist Church of Jefferson City, Inc. (Concord Baptist) sustained damage to its facilities in a severe storm. After disagreements with its insurer, Church Mutual Insurance Company (Church Mutual), regarding the amount of loss, Concord Baptist initiated this action, alleging breach of contract and

vexatious refusal to pay. The district court[1] granted summary judgment in favor of Church Mutual, concluding that the undisputed facts demonstrated that Concord Baptist failed to comply with a cooperation clause contained in the insurance policy, which precluded coverage. Concord Baptist appeals. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Church Mutual issued a general liability insurance policy to Concord Baptist, which provided insurance coverage for Concord Baptist's Jefferson City, Missouri facilities. Concord Baptist's facilities included a Church and Worship Center, a storage barn, and three retail buildings. All structures were insured under the terms of the policy, which was in effect from December 3, 2019, to December 3, 2020. The policy provided general coverage for damages, including those caused by inclement weather. Notably, the policy contained provisions detailing Concord Baptist's obligations under the policy, which provided:

Duties in the Event of Loss or Damage

    a. You must see that the following are done in the event of loss or damage to Covered Property:

       * * *

    (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

    Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

---

[1]The Honorable Willie J. Epps, Jr., United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(8) Cooperate with us in the investigation or settlement of the claim.

b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

R. Doc. 28-2, at 38.

On March 27, 2020, a severe storm caused wind and hail damage to the roofs of each of Concord Baptist's buildings. The storm also damaged vinyl fencing attached to the storage barn. Concord Baptist shortly thereafter filed a claim with Church Mutual, and Church Mutual began adjusting the claim. On April 2, 2020, and again on April 13, 2020, Church Mutual sent a representative from its third-party adjuster, Crawford & Company, to meet with Concord Baptist's representative and to perform an inspection of the property damage. During the second inspection, Church Mutual also sent an individual from Nelson Forensic Engineering, who prepared an engineering report following the inspection. On May 26, 2020, Crawford & Company issued an estimate for the repairs, which was based upon the engineering report. Based on this estimate, Church Mutual issued two partial payments to Concord Baptist, totaling $237,852.24.

Dissatisfied with the amount of loss assigned by Church Mutual, specifically as it related to estimated damage to a portion of the roof on Concord Baptist's Church and Worship Center, Concord Baptist submitted a demand for appraisal to Church Mutual on June 3, 2020. Church Mutual acknowledged receipt of the demand on June 9, 2020, and asked Concord Baptist to submit any documentation supporting its claim that Church Mutual had not properly calculated the amount of loss to the Church and Worship Center roof. The appraisal process continued without incident

-3-

until Church Mutual learned that Concord Baptist's appraiser would be reevaluating the entire claim—including damages Church Mutual had already issued partial payment for—instead of limiting the appraisal to the specific portion of the roof of the Church and Worship Center. About the same time, Church Mutual learned that Concord Baptist's appraiser intended to submit an estimate of over $2,000,000. In response, on November 24, 2020, Church Mutual sent Concord Baptist a letter requesting that Concord Baptist limit its appraisal demand to only the specific portion of the Church and Worship Center roof or submit a revised demand for appraisal.

On December 3, 2020, Concord Baptist submitted a revised demand for appraisal. The following day, Church Mutual acknowledged the appraisal demand but advised that, due to the increased scope of the demand, coverage issues might exist. As a result, Church Mutual requested additional information. Specifically, Church Mutual asked Concord Baptist to complete and return a notarized proof of loss (POL) form, provide any documentation supporting its damages claim, and provide a Concord Baptist representative to submit to an examination under oath (EUO). On December 10, 2020, Church Mutual sent a follow-up letter to Concord Baptist reiterating that, due to the expanded demand for appraisal, potential coverage issues had to be resolved before the appraisal could proceed. Church Mutual further stated that it would await the POL and supporting documents from Concord Baptist, after which it would proceed with scheduling the EUO. Church Mutual also specifically reminded Concord Baptist of its obligation under the terms of the policy to cooperate with Church Mutual's investigation of the claim. Concord Baptist's only response to Church Mutual came in the form of a January 22, 2021 letter from its counsel, which described Concord Baptist's disagreement with Church Mutual's interpretation of the appraisal provision and expressed a concern that Church Mutual was engaging in unnecessary delay tactics. In the closing of the letter, Concord Baptist's counsel requested a follow-up call with Church Mutual, but one never took place. Instead, on February 18, 2021, Concord Baptist filed this action in Missouri state court, asserting its claims of breach of contract and vexatious refusal to properly investigate or settle the claim. Church Mutual removed the action to federal court.

Concord Baptist filed a motion to compel appraisal, which the district court denied, and Church Mutual subsequently filed a motion for summary judgment.

Church Mutual argued that it was entitled to summary judgment on Concord Baptist's claims based on Concord Baptist's failure to comply with the cooperation provision in the policy. The district court agreed and granted summary judgment in Church Mutual's favor. The district court first determined that the undisputed facts demonstrate that Concord Baptist materially breached the cooperation clause by failing to submit a POL form, provide supporting documentation, or submit to an EUO. The district court next concluded that the undisputed facts showed that Church Mutual suffered substantial prejudice from Concord Baptist's breach because it was unable to gather the information necessary to evaluate Concord Baptist's claim that it was entitled to coverage in an amount in excess of $2,000,000. Finally, the district court determined that Church Mutual exercised reasonable diligence in attempting to secure Concord Baptist's cooperation, with the record evidence demonstrating that Church Mutual sent its request for the POL, EUO, and additional information the day following its receipt of Concord Baptist's revised demand for appraisals; enclosed the POL form with its letter; and sent a follow-up letter reiterating its requests after Concord Baptist did not respond. Concord Baptist appeals the adverse grant of summary judgment.

II.

Concord Baptist asserts that the district court erred in granting summary judgment because (1) the record does not support the conclusion that Concord Baptist materially breached the cooperation provision by failing to submit to an EUO, (2) Church Mutual did not suffer substantial prejudice from Concord Baptist's failure to sit for an EUO or provide a POL, and (3) whether Church Mutual exercised reasonable diligence to secure Concord Baptist's cooperation is, at the very least, a question of fact not properly resolved on summary judgment. "'We review de novo a district court's grant of summary judgment.' Summary judgment is proper only if 'there is no genuine issue as to any material fact' and 'the moving party is entitled

-5-

to judgment as a matter of law.'" Avenoso v. Reliance Standard Life Ins. Co., 19 F.4th 1020, 1024 (8th Cir. 2021) (citation omitted).

Missouri law, which the parties agree governs this diversity action, recognizes the validity of cooperation clauses in insurance policies, which "are designed to 'enable the [insurance] company to possess itself of all knowledge, and all information as to other sources of knowledge, in regard to facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims.'" Roller v. Am. Mod. Home Ins. Co., 484 S.W.3d 110, 116 (Mo. Ct. App. 2015) (alteration in original) (citation omitted). Missouri courts have consistently recognized the insurer's right to conduct a full investigation of claims submitted by its insureds, and "have found that the insured's failure to assist in the investigation precludes any coverage." McClune v. Farmers Ins. Co., 12 F.4th 845, 849 (8th Cir. 2021) (citation omitted) (applying Missouri law). For an insurer to deny coverage based on an insured's failure to cooperate with the investigation of the claim, "an insurer must prove: (1) a material breach of the cooperation clause; (2) the existence of substantial prejudice as a result of the breach; and (3) the exercise of reasonable diligence to secure the insured's cooperation." Id. (citation omitted).

As an initial matter, Concord Baptist does not dispute that its failure to provide a POL constituted a material breach of the policy. Reply Br. 2 ("For purposes of appeal, Concord Baptist does not challenge the District Court's determination that not providing the requested POL within sixty days constituted a material breach of the cooperation clause, but rather argues that Church Mutual did not suffer substantial prejudice as a result of said breach."). Because Concord Baptist admits that it materially breached the policy, we need not address Concord Baptist's argument regarding whether the failure to submit to an EUO was a material breach. We note, however, that Missouri courts have found a material breach where an insured failed to submit to an EUO before commencing an action against the insurer. See, e.g., Roller, 484 S.W.3d at 116.

Regarding the second element, whether Church Mutual suffered substantial prejudice from Concord Baptist's material breach, we agree with the district court that the undisputed facts show that it did.

> Prejudice can be established when the insured fails to comply with a reasonable examination request because the insured has "perhaps the greatest knowledge of the circumstances[.]" Thus "[i]f an insured willfully and *without excuse* refuses discovery, an insurer may refuse to go forward with an adjustment and claim immunity from suit."

Id. (alterations in original) (citations omitted). Concord Baptist's refusal to provide the POL or to submit to an EUO prejudiced Church Mutual because, in doing so, it "prevented [the insurer] from continuing its investigation of [the] claim." McClune, 12 F.4th at 851. Here, Concord Baptist advised Church Mutual that its appraiser would support a claim of damages in excess of $2 million, when Church Mutual had valued the loss around $250,000. Submitting the POL and submitting to an EUO would have allowed Church Mutual to understand the basis for Concord Baptist's claim and would have provided Church Mutual with the opportunity to further investigate the validity of the claim and any underlying coverage issues. Concord Baptist's failure to provide the POL or submit to the EUO thus substantially prejudiced Church Mutual by "den[ying Church Mutual] the opportunity both to complete its investigation and to issue a ruling on [the] claim." Wiles v. Capitol Indem. Corp., 215 F. Supp. 2d 1029, 1032 (E.D. Mo. 2001).

Finally, as to the third element, whether Church Mutual exercised reasonable diligence in attempting to procure Concord Baptist's cooperation, we again agree with the district court that the undisputed facts demonstrate Church Mutual's diligence. Church Mutual responded immediately to Concord Baptist's revised appraisal demand and requested the POL, additional documentation, and an EUO so that it could evaluate Concord Baptist's claim. When Concord Baptist failed to respond to this letter, Church Mutual contacted Concord Baptist, reiterating the requests that would have to be satisfied before Church Mutual could move forward. Concord Baptist's letter to Church Mutual from its attorney did not comply with its

obligations under the terms of the policy and does not negate Church Mutual's diligent efforts to procure Concord Baptist's cooperation. See id. at 1031-32 (finding that insurer exercised reasonable diligence in attempting to procure insured's cooperation when it twice requested that the insured submit to an EUO). The undisputed facts demonstrate that Church Mutual has satisfied all elements necessary to deny coverage based on Concord Baptist's failure to cooperate in the investigation of its claim. The district court thus did not err in granting summary judgment in favor of Church Mutual.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____