# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-2711
_____

Michelle Collins

*Plaintiff - Appellant*

v.

Union Pacific Railroad Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: April 10, 2024
Filed: July 24, 2024
_____

Before SMITH, WOLLMAN, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

In this employment discrimination action, plaintiff Michelle Collins appeals the district court's grant of summary judgment in favor of her former employer Union Pacific Railroad Company. Having jurisdiction under 28 U.S.C. § 1291, we affirm the grant of summary judgment on the hostile work environment claim but reverse and remand for further proceedings consistent with this opinion on the

discrimination and retaliation claims in light of the Supreme Court's recent decision in Muldrow v. City of St. Louis, 144 S. Ct. 967 (2024).

I.

We begin by summarizing the undisputed material facts found by the district court.[1] Collins is a black woman who worked at Union Pacific for 42 years. During her time at Union Pacific, she held over twenty positions. Collins's allegations against Union Pacific largely focus on the conduct of several of her managers, none of whom were minorities. For example, Collins believes that in 2010 her then-manager Craig Mitchell discriminated against her by assigning her an unpleasant task when she was the only black woman on the shift, and by "going along with" another colleague "piling on" work duties. Other allegations relate to Samantha Miller, who managed Collins between April 2017 and June 2018. Miller screamed at Collins several times, prevented her from attending a discretionary safety training course, increased Collins's workload, and reworked a position-specific vacation system under which Collins would have had preferential treatment as the most senior employee, among other things.

Other allegations relate to Collins's coworkers. In 2019, Collins moved to a new position as a Yard Office Coordinator. There, Collins's job was made more difficult because another Union Pacific employee, Rhonda VanLew, would perform

_____

[1] In determining these undisputed material facts, among others, the district court expressly noted that it had "excluded legal conclusions, argument presented as fact, and proposed facts not properly supported by the record or admissible evidence," as well as "[i]mproperly controverted facts." We note that Collins's brief on appeal alleges, among other things, that the district court "erroneously made" certain factual findings and "improperly exclude[d] . . . and discount[ed]" other evidence. It is unclear from the record and Collins's brief what facts, if any, the district court "excluded." To the extent that Collins challenges the district court's exposition of the undisputed material facts, we note that nothing in our analysis turns on them.

her job poorly before turning her shift over to Collins. For example, VanLew would not reload paper into printers or would leave radio volumes turned down too low. In 2020, Collins filed an internal complaint about VanLew with Union Pacific. Separately, VanLew submitted a complaint about Collins, alleging, among other things, that Collins was "very rude and disrespectful." A Union Pacific Corporate Investigations Analyst later concluded that a conflict existed between Collins and VanLew but that local management had appropriately resolved the matter.

Collins sued Union Pacific, asserting in her first amended complaint race discrimination, retaliation, and hostile work environment claims, in violation of 42 U.S.C. § 1981. After the parties engaged in discovery, Union Pacific moved for summary judgment. It asserted, among other things, that Collins could not establish a prima facie case of race discrimination or retaliation because she suffered no adverse employment action, and that Collins's hostile work environment claim failed because she could not establish that she was subjected to severe or pervasive harassment on account of her race. The district court agreed, granting summary judgment on the same grounds. Collins now appeals.

II.

"We review de novo the district court's grant of summary judgment . . . . Summary judgment is appropriate if there is no genuine dispute of material fact and a party is entitled to judgment as a matter of law." Xuan Huynh v. U.S. Dep't of Transp., 794 F.3d 952, 958 (8th Cir. 2015).

A.

We begin with Collins's § 1981 discrimination and retaliation claims, which are analyzed under the same framework as Title VII claims. Lake v. Yellow Transp., Inc., 596 F.3d 871, 873 n.2 (8th Cir. 2010). Before the district court, Collins conceded that she did not have direct evidence of racial discrimination or retaliation. See R. Doc. 74, at 3 (stating that "discrete acts" like "termination, failure to promote,

-3-

denial of transfer, or refusal to hire" were not "at issue here" (citation omitted)). Her discrimination claim must therefore be analyzed under the familiar McDonnell Douglas[2] framework. Xuan Huynh, 794 F.3d at 958. The McDonnell Douglas framework requires the plaintiff to first "establish[] a prima facie case of" racial discrimination, the third element of which requires that she "suffered an adverse employment action." Id. Section 1981 retaliation claims are likewise analyzed under this McDonnell Douglas framework, Thompson v. Univ. of Ark. Bd. of Trs., 52 F.4th 1039, 1042 (8th Cir. 2022), and a prima facie case of retaliation also requires the plaintiff to prove that she suffered "an adverse employment action," Gacek v. Owens & Minor Distrib., Inc., 666 F.3d 1142, 1146 (8th Cir. 2012) (citation omitted).

In clarifying the requirements of a Title VII discrimination claim, "[t]he Supreme Court recently obviated the requirement—replete in our case law—that the [adverse employment action] be 'significant,' 'material,' or 'serious.'" Cole v. Grp. Health Plan, Inc., No. 23-3050, 2024 WL 3217580, at *2 (8th Cir. June 28, 2024) (quoting Muldrow, 144 S. Ct. at 975 n.2). Absent any materiality or significance requirements, "[a]n adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment." Id.

Here, the district court resolved Union Pacific's motion as to the discrimination and retaliation claims by concluding that Collins could not establish that she suffered an adverse employment action. But the district court's analysis hinged on our case law employing the now-proscribed "materially significant disadvantage" language. See R. Doc. 106, at 21 (citing Charleston v. McCarthy, 926 F.3d 982, 989 (8th Cir. 2019) ("An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." (citation omitted))). Accordingly, we reverse and remand Collins's § 1981 discrimination and retaliation claims to the district court so that it may consider them anew in light of Muldrow. Because the district court resolved the discrimination and retaliation

---

[2]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

claims on the adverse employment action element, it expressly declined to reach other arguments Union Pacific offered in favor of summary judgment. On remand, the district court will have the opportunity to consider these arguments, which are "'best left to [it]' to decide in the first instance." Cardinal Bldg. Materials, Inc. v. Amerisure Ins. Co., 97 F.4th 562, 566 (8th Cir. 2024) (citation omitted).

B.

Finally, we turn to Collins's hostile work environment claim.

> To establish a prima fac[i]e case that she was subjected to a hostile work environment, [Collins] must show that (1) she is a member of a protected group; (2) unwelcome harassment occurred; (3) a causal nexus existed between the harassment and her protected group status; and (4) the harassment affected a term, condition, or privilege of employment.

Hairston v. Wormuth, 6 F.4th 834, 841 (8th Cir. 2021) (first alteration in original) (citation omitted). "The fourth element requires [Collins] to demonstrate that the harassment she experienced was 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment.'" Id. (second alteration in original) (citation omitted).

When moving for summary judgment on Collins's hostile work environment claim, Union Pacific argued, among other things, that Collins failed to establish she was subjected to severe or pervasive harassment. The district court granted summary judgment on this basis, reasoning that the alleged incidents "concern[ed] ordinary employee-supervisor interpersonal conflict." On appeal, Collins alleges that this conclusion was erroneous, pointing to several incidents which she believes, "taken as a whole," demonstrate severe or pervasive harassment. Union Pacific counters that Collins waived this argument by failing to resist the severe or pervasive harassment ground for summary judgment before the district court. It also argues that the allegations properly before the district court do not rise to the level of severe

or pervasive harassment. Because we agree that Collins did not resist summary judgment based on the severe or pervasive harassment element, we affirm the grant of summary judgment on her hostile work environment claim. See Woodworth v. Hulshof, 891 F.3d 1083, 1088 (8th Cir. 2018) (affirming grant of summary judgment and explaining that "we may affirm 'for any reason supported by the record, even if it differs from the rationale of the district court'" (citation omitted)).

As the non-moving party, Collins bore the burden to demonstrate to the district court that there existed a "genuine dispute of material fact that would preclude summary judgment." Paskert v. Kemna-ASA Auto Plaza, Inc., 950 F.3d 535, 540 (8th Cir. 2020). Because "failure to oppose a basis for summary judgment constitutes waiver of that argument," Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 735 (8th Cir. 2009), we have held that a plaintiff cannot survive a defendant's motion for summary judgment when the plaintiff "d[oes] not direct the district court to evidentiary materials setting out specific facts showing a genuine" dispute, Johnson v. Charps Welding & Fabricating, Inc., 950 F.3d 510, 523 (8th Cir. 2020). Likewise, we have held that a nonmovant cannot survive summary judgment if it "fail[s] to provide meaningful legal analysis" of "how the disputed facts support[]" the relevant claims. Id. These "shortcoming[s]," we have explained, cannot be cured "on appeal by citing to some specific facts that support" the plaintiff's claim. Id. at 524.

Collins failed to carry this burden. In her response to Union Pacific's motion, Collins did not "direct the district court to evidentiary materials setting out specific facts showing a genuine" dispute as to the severe or pervasive harassment element, nor did she provide "meaningful legal analysis" of it. Id. at 523. Collins's brief mentions her hostile work environment claim in only one point heading. The analysis that follows under that point heading contains one passing reference to portions of "DSOF," which we take to be the defendant's proposed statement of facts. Collins does not explain what facts that citation refers to, nor does she analyze their legal significance. She does not mention, let alone analyze, the severe or pervasive harassment element of a hostile work environment claim. Later in that

-6-

same section, she states that she "will present at trial all relevant background facts about" Union Pacific's treatment of her, but once again fails to explain what those facts are. Collins's brief returns to her hostile work environment claim only three more times in passing. She first states that the harassment supporting her hostile work environment claim "need not be explicitly 'racial.'" Later, she states that the testimony of two coworkers "tends to support [her] claims of [a] racially hostile work environment—and must be considered." Conspicuously absent from that passage is any explanation of what the coworkers said or how their testimony supports Collins's hostile work environment claim. Finally, in arguing that she presented a triable claim of retaliation, Collins states that she may base her retaliation claim "on a hostile work environment." These piecemeal, cursory references to her hostile work environment claim were insufficient to demonstrate a "genuine dispute of material fact that would preclude summary judgment." Paskert, 950 F.3d at 540. Because Collins did not "direct the district court to evidentiary materials setting out specific facts showing a genuine" dispute on the severe or pervasive harassment element, and because she did not provide "meaningful legal analysis" of it, her claim could not survive summary judgment. Johnson, 950 F.3d at 523. She cannot cure these shortcomings on appeal. Id. at 524.

## III.

For the foregoing reasons, we affirm the grant of summary judgment on the hostile work environment claim but reverse and remand for further proceedings consistent with this opinion on the discrimination and retaliation claims.

_____